## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TAMARA LYNETTE MASON,

    Plaintiff,

    v.

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1546, and ROBERT O'TOOLE,

    Defendants.

Case No. 24 CV 10922

Judge Georgia N. Alexakis

### ORDER

Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim [7] is granted. The dismissal is with prejudice as to defendant O'Toole and without prejudice as to the Union.

### BACKGROUND

On September 13, 2024, plaintiff Tamara Lynette Mason filed a *pro se* complaint in the Circuit Court of Cook County, Illinois, against defendants United Food and Commercial Workers Union, Local 1546 ("the Union") and Robert O'Toole. *See* [1] ¶ 1. Ten days later, defendants timely removed the suit to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and (b). *Id.* at 1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Mason's claims arise under the laws of the United States—specifically, the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). *Id.* ¶ 5.

The allegations in Mason's complaint are limited to the following:

> I was discriminated based upon my race, age, and temporary disability, along with terminated from my job of employment. I believe UFCW Local 1546 President Robert O'Toole was in violation of:

> 1. Americans with Disabilities Act of 1990, as amended.

1

    2. Title VII of the Civil Rights Act of 1964, as amended.

    3. Age Discrimination in Employment Act of 1967, as amended.

[1] at 5.

On October 30, 2024, defendants moved to dismiss Mason's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [7]. For the reasons discussed, the Court grants defendants' motion to dismiss.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only contain factual allegations that, accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

At the pleading stage, a court must "accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). But "allegations in the form of legal conclusions are insufficient." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendants first argue that Mason's claims are time-barred because they were not filed within 90 days of the date Mason would have received her EEOC right-to-sue letter. [1] at 1–3. Defendants are correct that, to succeed on her federal claims, Mason must have filed suit within 90 days of receiving her right-to-sue letter from the EEOC. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009). However, the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and "a plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). An exception applies where "the allegations of the complaint [ ] set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Here, Mason's complaint does not provide the information the Court needs to determine that the 90-day deadline has passed. *See Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 850 (7th Cir. 2015) (Title VII claim could not be

dismissed on timing grounds because "it was not clear on the face of the [complaint] that the affirmative defense applied"); *McCladdie El v. United Airlines, Inc.*, No. 24 CV 4385, 2025 WL 50641, at *3 (N.D. Ill. Jan. 8, 2025) (same). The timing issue is therefore not ripe for resolution at the motion to dismiss stage.

Defendants next argue that Mason's complaint does not state a plausible claim for relief. [7] at 3–4. The Court agrees with defendants on this point. As they put it, the complaint "contains *no* facts" and "alleges nothing more than the conclusion that Plaintiff was discriminated against." *Id.* at 4; *see also* [1] at 5. To state a claim for relief, Mason must allege some facts indicating *how* she was discriminated against so that the Court can properly assess whether she has "a right to relief." *Twombly*, 550 U.S. at 555; *see also Hill v. Severson*, No. 23-CV-1302-JPS, 2024 WL 415609, at *2 (E.D. Wis. Feb. 5, 2024) (dismissing complaint because it included "no factual allegations regarding a discrimination claim, such as how [plaintiff] was discriminated against and the basis for the alleged discrimination"). And her allegations that she was discriminated against are legal conclusions that are "insufficient to survive a Rule 12(b)(6) motion." *McReynolds*, 694 F.3d at 885; *see also Carroll v. Vill. of Oak Lawn*, No. 12-CV-4143, 2012 WL 5989288, at *3 (N.D. Ill. Nov. 28, 2012) (dismissing complaint because plaintiff "merely plead[ed] legal conclusions without sufficient factual content to support them").

Mason's claims against O'Toole also fail for a second, independent reason: ADA, Title VII, and ADEA claims cannot be brought against individuals. *See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) (ADA); *Williams v. Banning*, 72 F.3d 552, 553–54 (7th Cir. 1995) (Title VII); *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n.2 (7th Cir. 1995) (ADEA). Because Mason cannot cure this defect with an amended pleading, the claims against O'Toole are dismissed with prejudice.

As a final matter, Mason requests in her response brief that her case be remanded back to state court. [20] at 4. But even assuming a remand were appropriate, there are no remaining claims to remand because the Court has granted defendants' motion to dismiss. The request to remand is therefore moot. Because Mason brought a federal claim, defendants had the right to seek dismissal in federal court. *See* 28 U.S.C. § 1441; *see also id.* § 1331.

## CONCLUSION

Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim [7] is granted. The dismissal is with prejudice as to defendant O'Toole and without prejudice as to the Union.

Mason has until 5/28/25 to file an amended complaint. However, as mentioned above, any amended complaint may not bring ADA, ADEA, or Title VII claims against

3

individual defendants. If Mason does not file an amended complaint by 5/28/25, the dismissal will convert to a dismissal with prejudice and the case will be dismissed.

Georgia N. Alexakis
United States District Judge

Date: May 7, 2025