IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA LYNETTE MASON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1546, and ROBERT O'TOOLE,<br><br>    Defendants. | Case No. 24 CV 10922<br><br>Judge Georgia N. Alexakis |

### ORDER

Plaintiff's motion to remand, which the Court additionally construes as a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from a final judgment, is granted. [27]. The Court's previous judgment [26] is vacated, and the case is remanded forthwith to the Circuit Court of Cook County, Illinois.

### STATEMENT

In September 2024, plaintiff Tamara Lynette Mason filed this action in the Circuit Court of Cook County, alleging that defendants United Food and Commercial Workers Union, Local 1546 and Robert O'Toole violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* by discriminating against her based on her disability, race, and age. The next month, defendants properly removed the suit to federal court pursuant to 28 U.S.C. § 1441(a) because Mason brought claims under federal law. *See* 28 U.S.C. § 1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

In May 2025, the Court granted defendants' motion to dismiss for failure to state a claim. [22]. The Court dismissed the claims against defendant O'Toole with prejudice and dismissed the claims against defendant Union without prejudice and with leave to amend. *Id.* Later that month, Mason submitted an amended complaint, this time dropping each of her federal claims and asserting claims for race discrimination and disability discrimination under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* [23] The Court *sua sponte* raised the issue of subject matter

jurisdiction after observing that Mason's complaint no longer included a federal claim and that diversity jurisdiction was likely lacking. *See* [24]. Because Mason could not articulate a basis for subject matter jurisdiction in response to the Court's inquiry, the Court dismissed her case without prejudice for lack of jurisdiction. *See* [26]. The next month, after the case had been dismissed, Mason filed a motion to remand her case back to the Circuit Court of Cook County. [27].[1]

Because the Court already entered final judgment in this matter, the Court construes plaintiff's motion as a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from a final judgment, which allows a court to "relieve a party … from a final judgment … [for] any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) (pro se documents should be "liberally construed" and pro se litigants "must be afforded leniency on procedural matters") (cleaned up).

In *Royal Canin U. S. A., Inc. v. Wullschleger*, the Supreme Court addressed circumstances remarkably similar to the ones here. In so doing, it held that:

> When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

604 U.S. 22, 30 (2025). In such cases, the Court made clear that "the federal court *must remand* the case to the state court where it started." *Id.* at 39 (emphasis added).

*Royal Canin* requires remand here. Although defendants properly removed the case to federal court, "federal jurisdiction—or its absence—follows from the amended complaint." *Id.* at 38. As discussed above, Mason's amended complaint lacks a basis for federal jurisdiction. Defendants argue that Mason "cannot destroy removal jurisdiction by amending out the claim that formed the basis for remand." [31] at 2. But *Royal Canin* tells us otherwise. 604 U.S. at 30, 39 ("By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority.").

The Court recognizes that *Royal Canin*'s procedural history is not precisely the same as the procedural history here. In *Royal Canin*, the plaintiff brought suit in state court, asserting both federal and state law claims. 604 U.S. at 28. After

---

[1] Mason had requested her case be remanded to state court earlier as well, including when responding to defendants' motion to dismiss. *E.g.*, [20] at 4. The Court had earlier explained to Mason that so long as her complaint contained federal claims, the matter was properly in federal court.

defendant removed the suit to federal court, premised on the federal claim which gave rise to federal-question jurisdiction, plaintiff amended her complaint, deleting every mention of federal law, and petitioned the district court for remand. *Id.* at 29–30. Here, by contrast, Mason only brought federal claims at the outset of her suit and, following a successful motion to dismiss by defendant, then used the opportunity the Court gave her to amend her complaint to supplant the federal claims altogether with state-law claims. The Court does not read *Royal Canin* to permit a different outcome based on these differences. As *Royal Canin* explained: "The amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction." 604 U.S. at 35; *see also id.* at 34 ("[A]n amendment can wipe the jurisdictional slate clean."). The Supreme Court drew no distinctions based on how the amended complaint came about.[2]

Thus, consistent with *Royal Canin*, the Court vacates its earlier final judgment pursuant to Rule 60(b)(6) and remands the case to the Circuit Court of Cook County.

## CONCLUSION

The Court vacates its previous judgment [26], grants plaintiff's motion to remand [27], and directs the Clerk of Court to remand this case forthwith to the Circuit Court of Cook County, Illinois.

———————————————
Georgia N. Alexakis
United States District Judge

Date: 8/20/25

---

[2] Even if *Royal Canin* does not apply, the Supreme Court in *Carnegie-Mellon v. Cohill* held that a "district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." 484 U.S. 343, 357 (1988); *see also id.* at 353 (reasoning that remand is more efficient because a litigant whose federal case is dismissed will have to refile in state court). Therefore, if remand were not mandatory under *Royal Canin*, the Court would still exercise its discretion to remand the suit for efficiency purposes. *See id.*; *see also Royal Canin*, 604 U.S. at 40 (describing *Cohill* to have held that "when a plaintiff cuts her federal claims, the court should have a choice about how best to get rid of the case").